IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHIQUITA L. HANNA,            *
                              *
     Plaintiff,               *
                              *
     v.                       *      CV 415-284
                              *
THE WEST BROAD STREET YOUNG   *
MEN'S CHRISTIAN ASSOCIATION,  *
INC.,                         *
                              *
     Defendant.               *

**O R D E R**

Before instituting this suit, Plaintiff filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant had violated the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").[1] (Docs. 9-1, 9-2.) However, because she filed the ADEA and ADA charges at two separate times, Plaintiff, at the time she filed her complaint, had only received a notice of right to sue for her initial ADEA claim. Consequently, because plaintiffs cannot ordinarily proceed on ADEA and ADA claims without an EEOC-issued notice of right to sue, Defendant filed the instant motion for total or partial

---

[1] Within her complaint, Plaintiff also alleges that Defendant violated Title VII of the Civil Rights Act of 1964. (Doc. 1.) However, the notices that the EEOC has provided to Defendant (Docs. 9-1, 9-2) do not indicate that Plaintiff has filed a Title VII charge with the Commission.

dismissal (Doc. 9) on December 22, 2015. See Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996).

Despite this general requirement, the Eleventh Circuit has stated that "the receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit in district court, but rather is a condition precedent subject to equitable modification." Id. Additionally, even if a plaintiff does not file a charge of discrimination for a given employment claim, that claim may still proceed if it "grow[s] out of the charge of discrimination" for which the EEOC has issued a notice of right to sue. Gregory v. Ga. Dep't Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004).

Although the parties have submitted briefs stating their positions as to whether these exceptions should apply, the Court is in need of additional information in order to determine their applicability. Specifically, given that more than three hundred days have passed since Plaintiff filed her second charge with the EEOC, the Court must know whether Plaintiff has received a notice of right to sue. See 29 C.F.R. § 1601.28(a)(1) ("When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued . . . , the Commission shall promptly issue such notice . . . at any time after the expiration of one hundred eighty (180) days from the date of

2

filing the charge with the Commission."). Therefore, the Court **ORDERS** Plaintiff to submit, **no later than May 3, 2016,** an affidavit indicating (1) whether she has formally requested a notice of right to sue and (2) whether she has received such a notice.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of April, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA