IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CHIQUITA L. HANNA, | * | |
| Plaintiff, | * | |
| v. | * | CV 415-284 |
| THE WEST BROAD STREET YOUNG MEN'S CHRISTIAN ASSOCIATION, INC., | * | |
| Defendant. | * | |

# ORDER

Presently before the Court is Defendant's motion for total or partial dismissal (Doc. 9). For the reasons below, Defendant's motion is **DENIED**.

## I. BACKGROUND

At the time she initiated this suit on October 27, 2015, Plaintiff had filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant had violated the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").[1] (Docs. 9-1, 9-2.) Yet, because she submitted the charges at two separate times, Plaintiff, at the time she filed her complaint,

---

[1] Within her complaint, Plaintiff also alleges that Defendant violated Title VII of the Civil Rights Act of 1964. (Doc. 1.) However, the notices that the EEOC has provided to Defendant (Docs. 9-1, 9-2) do not indicate that Plaintiff has filed a Title VII charge with the Commission. Though potentially relevant, these circumstances were not highlighted within Defendant's motion and, thus, will not be considered at this time.

had only received a notice of right to sue for her initial ADEA charge. Consequently, because plaintiffs cannot ordinarily proceed on ADEA and ADA claims without an EEOC-issued notice of right to sue, Defendant filed the instant motion arguing that "various allegations in Plaintiff's Complaint are premature" such that some, if not all, of Plaintiff's claims should be dismissed. (Doc. 9.) See Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996). Since that time, however, Plaintiff has received a right-to-sue letter for her second charge. (Doc. 15-1.)

## II. DISCUSSION

Under Eleventh Circuit precedent, "the receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit in district court, but rather, is a condition precedent subject to equitable modification." Forehand, 89 F.3d at 1567. As a result, the Court may look beyond the requirement that Plaintiff receive an EEOC-issued right-to-sue letter before filing suit – known as the "exhaustion requirement" – if the equities of the case balance in her favor. See Gregory v. Ga. Dep't Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004); Forehand, at 1569-70.

For four reasons, the Court concludes that the equities of this case weigh in favor of Plaintiff and against dismissal. First, having issued the two right-to-sue notices, the EEOC has had an ample opportunity to investigate Plaintiff's claims and to promote conciliation therefor. See Gregory, 355 F.3d at 1279

2

(stating that the purpose of the exhaustion requirement is to give the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts" (internal quotation marks and citation omitted)). Second, the Court finds no evidence of bad faith on the part of Plaintiff in filing her complaint before the EEOC issued the second right-to-sue notice. See Forehand, 89 F.3d at 1570 ("[W]e agree with the district court's general proposition that if a claimant attempts to frustrate investigation or conciliation by the EEOC, equitable modification of the exhaustion rule may be inappropriate."). Third, Defendant has not indicated that it was prejudiced by Plaintiff's failure to adhere to the exhaustion requirement. Fourth, courts are "extremely reluctant to allow procedural technicalities to bar [employment] claims" such as those at issue here. Gregory, 355 F.3d at 1280 (internal quotation marks and citation omitted).

### III. CONCLUSION

For these reasons, the Court **DENIES** Defendant's motion for total or partial dismissal (Doc. 9).

**ORDER ENTERED** at Augusta, Georgia, this 17th day of May, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3